IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

CHELSEA L. DAVIS

v.

SAMUEL F. BAXTER, and MCKOOL SMITH
P.C.

CASE NO. 4:14-CV-00754
CONSOLIDATED INTO CASE NO.
3:14-CV-514 and 14-7088, into which
*Chelsea L. Davis v. McKool Smith P.C. and
Samuel F. Baxter,* DC-13-12834 and
DC-13-14215, 298th Jud. Dt. Ct., Dallas
County, TX, is consolidated

TO THE HONORABLE PRESIDING JUDGE:

### AMENDED AND CUMULATIVE CIVIL COMPLAINT AND PENDANT PETITIONS TRANSFERRED IN AND CONSOLIDATED HEREIN

1. COMES NOW, Chelsea L. Davis ("Chelsea Davis"), who hereby limits the admissibility of the following statements pursuant to the Federal Rules of Evidence, and files this her AMENDED AND CUMULATIVE COMPLAINT AND PENDANT PETITIONS TRANSFERRED IN AND CONSOLIDATED HEREIN against McKool Smith P.C. and Samuel F. Baxter, and shows unto the Honorable Court as follows. Chelsea Davis is not a plaintiff who previously dismissed any action in any federal court or filed any action based on or including the same claim against the same defendant(s) because defendants in state court do not become defendants until they are served with a valid summons and complaint. This dispute began in 2010 under various numbered complaints. Cause Numbers DC-13-12834 and DC-13-14215 were opened in the 298th Judicial District Court, Dallas County, Texas, *Chelsea L. Davis v. McKool*

*Smith P.C. and Samuel F. Baxter,* on Oct. 28, 2013, consolidating the actions, but no proceeding proceeded due to this Court's order to stay and preliminary anti-suit injunction against Chelsea Davis, Samuel F. Baxter and McKool Smith P.C. Accordingly, Chelsea Davis, Samuel F. Baxter and McKool Smith P.C. could not be previously served prior to transfer in of previously opened case numbers removed to this United States District Court for the Eastern District of Texas and were enjoined from proceeding with their claims against others under these facts from September 2010 to November 2014. Each of the previous petitions in state court asserted against McKool Smith P.C. and/or Samuel Baxter, which may include additional named defendants, date back to September 2010 and are replaced with this instrument. Related proceedings and transferred claims and causes of action also date back to September 2010, but they are not before this Court.

2. Chelsea L. Davis is the licensed attorney issued TX Bar No. 24059652 and USPTO Reg. No. 63791.

3. Samuel F. Baxter is the licensed attorney issued TX Bar No. 01938000.

4. McKool Smith P.C. is a Texas professional corporation having a principal office at 300 Crescent Court, Ste. 1500, Dallas, TX 75201.

5. This instrument references a claim which raises a federal question over which this Court has federal subject matter jurisdiction.

6. Acts or omissions giving rise to the claims occurred in the United States District Courts for the Northern District of Texas. Venue is proper in the Northern District of Texas and more convenient for the parties and witnesses in the Northern District of Texas. In addition, venue for purposes of an anti-suit injunction is mandatory in Dallas, Texas.

I. **PLAINTIFF'S STATEMENT OF FACTS**

7. Chelsea Davis is a victim of Leslie Ware and Samuel Baxter's wrongful conduct prior to her employment with McKool Smith P.C., when they conspired with another to intentionally infect her with the Herpes virus. Chelsea Davis met Leslie Ware and Samuel Baxter in February 2010, two months prior to her employment with McKool Smith P.C., when each of them resided in Dallas, Texas. Chelsea Davis was extended an offer of employment from Leslie Ware of The Ware Firm LLC to begin working for McKool Smith P.C. in two months time. During this time, Samuel Baxter and Leslie Ware inappropriately contacted Chelsea Davis with phone calls and emails and asked her to send a picture of herself to them. Then, they maliciously conspired with another to intentionally infect Chelsea Davis with the Herpes virus.

8. No judgment has yet been rendered, no pretrial conference has yet been held and no discovery period has yet been opened. Neither the doctrine of res judicata nor any law, rule or order bars Chelsea L. Davis from litigating any claims asserted herein against McKool Smith P.C. and others. Chelsea Davis pleads the discovery rule as a precaution, as any delay from timely filing to present was due to sanctionable misconduct. This document is to be considered as a whole such that each fact asserted herein supports each claim and cause of action for relief.

9. Chelsea Davis timely filed complaints, claims and charges of discrimination and timely filed complaint within 90 days after receiving a notice of the right to sue from the Equal Employment Opportunities Commission ("EEOC"), which are attached hereto. In the charges, Chelsea Davis asserted that McKool Smith P.C. and another discriminated against her because of her sex. Chelsea Davis exhausted her administrative remedies and files suit within the statutory limitations period. Chelsea Davis filed an additional complaint with the Texas Workforce

Commission.

## II. *Claims for Title VII Sexual Harassment Through February and March 2010*

1. Prior to Chelsea Davis's employment start date, after she was extended an offer of employment from McKool Smith P.C.

2. Chelsea Davis was unlawfully sexually harassed and discriminated against based on her sex. Chelsea Davis timely filed her complaint within one hundred and eighty days of the sexual harassment she experienced by McKool Smith P.C. Title VII and other state and federal laws prohibit McKool Smith P.C.'s wrongful conduct and provide Chelsea Davis with civil remedies. During the hiring/firing process of the law firms through February and March 2010, Chelsea Davis was segregated, classified, and discriminated against because she is a female. Chelsea Davis is entitled to recover lost wages, liquidated damages, reasonable costs and all attorneys fees. There is equitable tolling of any statute of limitations with respect to Chelsea Davis's causes of action to the extent any tolling is necessary. Chelsea Davis pleads the discovery rule due to the misconduct of lawyers, law firms and McKool Smith P.C. Chelsea Davis is not precluded from litigating the same causes of action against the same or different actors. The effect of the practices complained of herein was to deprive Chelsea Davis of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex. At all material times, the law firms, lawyers and McKool Smith P.C. acted, directly or indirectly, in the interest of an employer having more than fifteen employees with respect to Chelsea Davis. There was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). See Fair Labor Standards Act ("FLSA"), 29 U.S.C.S. § 207. There was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times,

McKool Smith P.C. was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). At all times, Chelsea Davis was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Chelsea Davis had worked for the employer from within the last two years. Chelsea Davis routinely worked over 40 hours per week. However, she was not paid. The employer knew that Chelsea Davis worked in excess of 40 hours per week and allowed and directed her to do so. Chelsea Davis is entitled to receive minimum wage, promised wages in accordance with and in excess of the standard pay scale and overtime pay for all hours worked in excess of 40 hours per work week. Title VII makes it illegal for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin [ ] or to limit, segregate, or classify its employees [ ] in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e2(a) (2010). Chelsea Davis is the victim of quid pro quo sexual harassment and discrimination based on her sex under state and federal law with respect to her compensation, terms, conditions and privileges of employment. Her

employer, through its agents, supervisors, or employees violated Chelsea Davis's civil rights in violation of 42 U.S.C. §1981 and Title VII, by discriminating against her with respect to her compensation, terms, conditions, and/or privileges of employment, because of Chelsea Davis's sex, limiting, segregating, or classifying its employees in any way which would deprive or tend to deprive Chelsea Davis of employment opportunities, and otherwise adversely affecting her status as an employee, because of her sex. These violations consisted of discrimination of a continuous nature during her employment until April 2010. Chelsea Davis is an employee within the meaning of Title VII and belongs to a class protected under the statute. 42 U.S.C. § 2000e(f). McKool Smith P.C. is an employer within the meaning of Title VII. 42 U.S.C. §2000e(b). McKool Smith P.C. intentionally discriminated against Chelsea Davis because of her sex in violation of Title VII. 42 U.S.C. § 2000e2. McKool Smith P.C. as an employer, labor organization, or joint labor management committee controlling apprenticeship or other training or retraining, including on-the-job training programs unlawfully discriminated against Chelsea Davis because of her sex in admission to, or employment in, any program established to provide apprenticeship or other training. Chelsea Davis seeks a declaratory judgment of no liability to McKool Smith P.C. and Samuel Baxter. McKool Smith P.C.'s conduct constitutes violations of statutory law. Such unlawful conduct seriously affects Chelsea Davis in her occupation, trade and business.

19. WHEREFORE, PREMISES CONSIDERED, Chelsea Davis prays that judgment be entered for Chelsea Davis against McKool Smith P.C. for anti-suit injunction enjoining Chelsea Davis, Leslie Ware, Samuel Baxter and McKool Smith P.C., its agents, successors, employees, and those acting in concert with McKool Smith P.C., Samuel Baxter or Leslie Ware

from suing another on the facts asserted herein and from disclosing documents and evidence to the public.

### III. Causes of Action for Assault

Defendant intentionally or knowingly infected Chelsea Davis with the Herpes Simplex Virus type II without Chelsea Davis's consent. Chelsea Davis was not contributorily negligent. Chelsea Davis was not at fault. Samuel Baxter and Leslie Ware intentionally, knowingly, recklessly and/or maliciously participated in a conspiracy to accomplish the assault of Chelsea Davis. As a direct and proximate result of Samuel Baxter's conduct, Chelsea Davis suffered mental anguish and emotional distress in an amount within the jurisdictional limits of this Court for which she will seek actual, punitive and exemplary damages in a related civil action.

WHEREFORE, PREMISES CONSIDERED, Chelsea Davis prays that judgment be entered for Chelsea Davis against McKool Smith P.C. for anti-suit injunction enjoining Chelsea Davis, Leslie Ware, Samuel Baxter and McKool Smith P.C., its agents, successors, employees, and those acting in concert with McKool Smith P.C., Samuel Baxter or Leslie Ware from suing another on the facts asserted herein and from disclosing documents and evidence to the public.

### **Relief Previously Granted**

In the pendant actions consolidated into this action herein, Chelsea Davis and Terri Roberts are the only named Defendants and Respondents. Leslie Ware is the only Plaintiff. The relief previously granted consists of $10,000 to be paid by Chelsea Davis to Chelsea Davis and Terri Roberts equally, $65,000 to be paid by McKool Smith P.C. to Chelsea Davis, $50,000 to be paid by Leslie Ware and Samuel Baxter to Chelsea Davis and Terri Roberts, and $30,000 to be paid by Leslie Ware to Chelsea Davis. Chelsea Davis has previously objected to and continues to

object to referral to a magistrate judge such that the order of referral to a magistrate judge, Doc. 2 in 4:13-cv-514, is void and replaced by Chelsea Davis's objections. This document replaces Doc. 3 in 4:13-cv-514. The documents 4, 5 and 6 to follow replace Documents 4, 5 and 6 in 4:13-cv-514. Judge Ron Clark's order at Doc. 7 in 4:13-cv-514 applies hereto.

## Prayer For Relief

WHEREFORE, PREMISES CONSIDERED, Chelsea Davis prays that judgment be entered for Chelsea Davis against McKool Smith P.C. for anti-suit injunction enjoining Chelsea Davis, Leslie Ware, Samuel Baxter and McKool Smith P.C., its agents, successors, employees, and those acting in concert with McKool Smith P.C., Samuel Baxter or Leslie Ware from suing another on the facts asserted herein and from disclosing documents and evidence to the public.

## DEMAND FOR JURY TRIAL

Chelsea Davis demands a jury trial.

**ADDITIONAL COUNSEL 1.** Lidji Dorey & Hooper
Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201
Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

**ADDITIONAL COUNSEL 2.** Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN and Associates
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959
TX BAR NO. 01546650

**ADDITIONAL COUNSEL 3.** Gray Reed & McGraw P.C. (*and* Looper Reed & McGraw)
KEN STONE
TX BAR NO. 19296300
JAMIE RIBMAN

1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

  **ADDITIONAL COUNSEL 4.**  Jeff Hall

Jeff Hall
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com
TX BAR NO. 00787622

  **ADDITIONAL COUNSEL 5.**  FOX ROTHSCHILD LLP

DARRELL MINTER
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

  **ADDITIONAL COUNSEL 6.**  MILLER BROWN LLP

J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
CHRISTY E. MADDEN
State Bar No. 90001629
cmadden@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513
(214) 748-7600
FAX: (214) 204-9134

  **ADDITIONAL COUNSEL 7.**  Friedman & Feiger LLP

Lawrence J. Friedman
State Bar No. 07469300
Carlos Morales
State Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

  **ADDITIONAL COUNSEL 8.**  Gibson Dunn LLP

Veronica S. Lewis, SBN 24000092
vlewis@gibsondunn.com
William B. Dawson, SBN 05606300

wdawson@gibsondunn.com
Benjamin D. Williams, SBN 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

**ADDITIONAL COUNSEL 9.**     Abernathy, Roeder, Boyd & Joplin, P.C.

Ross Wells
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com

**ADDITIONAL COUNSEL 10.**     Figari & Davenport LLC

Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX  75202
Phone: 214-939-2007
FAX:  214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com

**ADDITIONAL COUNSEL 11.**     Herring & Irwin

CHARLES HERRING
cherring@herring-irwin.com

**ADDITIONAL COUNSEL 12.**     Clinesmith Wooten Smith

Dawn Smith
dawn@clinesmithwootensmith.com

**ADDITIONAL COUNSEL 13.**     Law Office of Chris Knox

Chris Knox
chrisknox@knoxcriminaldefense.com
900 Jackson St Ste 650
Dallas, TX  75202
Phone: 214-741-7474

**ADDITIONAL COUNSEL 14.**     Law Office of Nicole Knox

Nicole Knox
3131 McKinney Ave.

Ste. 800
Dallas, TX 75204
Phone: 214-740-9955

    **ADDITIONAL COUNSEL 15.**    Law Office of Bill Knox

William T. "Bill" Knox
900 Jackson St Ste 650
Dallas, TX 75202
Phone: 214-522-0000

    **ADDITIONAL COUNSEL 16.**    Baker Botts LLP

George Lamb
Calvin Roderick Phelan
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com

    **ADDITIONAL COUNSEL 17.**    Trevor R. Jefferies

Arnold & Porter LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com
ATTORNEY FOR JAMES CHANOS

    **ADDITIONAL COUNSEL 18.**    Vanessa Griffith

Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com
ATTORNEY FOR CLINT CARLSON

    **ADDITIONAL COUNSEL 19.**    Jamie McKey

Kendall Law Group
jmckey@kendalllawgroup.com
ATTORNEY FOR LEON COOPERMAN

    **ADDITIONAL COUNSEL 20.**    Levi G. McCathern, II

McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com
ATTORNEY FOR STEPHEN JONES

    **ADDITIONAL COUNSEL 21.**    Lewis T. Stevens

TX24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com
ATTORNEY FOR CHAD BUSHAW
    ADDITIONAL COUNSEL 22.    ROYCE WEST
Royce West
State Bar No. 21206800
320 South R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
Telephone 214.941.1881
FAX 214.941.1399


Dated: Nov. 19, 2014                              Respectfully,

                                                                /s/Chelsea L. Davis
                                                                 Chelsea L. Davis
                                                                 TX Bar No. 24059652
                                                                 25 Highland Park Vlg., Ste. 100-830
                                                                 Dallas, TX 75205
                                                                 Telephone: (469) 426-5850
                                                                 Facsimile: (469) 533-0466
                                                                 cdavis@chelseadavispc.com


## CERTIFICATE OF SERVICE

      I electronically submitted the foregoing document using the electronic case filing system. I hereby certify that I have served all counsel and/or pro se parties of record (or non-record) electronically by email or, as a pro-se party, on the date it is electronically docketed in the court's CM/ECF system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules of this Court (in the Northern and Eastern Districts of Texas), or otherwise, to the extent possible.


                                                                 /s/Chelsea L. Davis
                                                                Chelsea L. Davis, pro-se
                                                                TX Bar No. 24059652
                                                                Mailing Address:
                                                                25 Highland Park Vlg., Ste. 100-830
                                                                Dallas, TX 75205
                                                                Telephone: (469) 426-5850

Facsimile: (469) 533-0466
cdavis@chelseadavispc.com